UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER G. WASHINGTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-158-PPS-APR |
| CARL WARDLOW, et al., | |
| Defendants. | |

OPINION AND ORDER

Christopher G. Washington, a prisoner without a lawyer, initiated this case by filing a "Motion Requesting Extension of Time to File Complaint." ECF 1.[1] In the motion, Washington indicated that he wanted to file a complaint in the future against Major Wardlow and several other Indiana Department of Correction staff members based on events that occurred on January 25, 2023. Washington claims that IDOC staff prevented him from filing his complaint in a timely manner by confiscating his property, including legal documents. He notes that prison staff did not respond to requests for a copy of his trust fund account information to include with his motion seeking leave to proceed in forma pauperis. Additionally, he asserts that prison staff did not respond to requests for other documents he wanted to include with his complaint,

---

[1] This document was filed on February 14, 2025. Under the mailbox rule, a prisoner's submissions to the court are to be deemed as "filed" on the date they are delivered to prison authorities for forwarding to the district court. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (describing prison mailbox rule). The body of Washington's motion indicates that he wrote the document on January 31, 2025. Washington, however, did not indicate when he deposited the document in the prison mailbox, and he therefore cannot benefit from the prison mailbox rule**Error! Main Document Only.**.

such as grievances, property inventory papers, and confiscation documents. He further asserts that he has not been able to go to the law library to type his complaint or obtain official forms to complete.

As the deadline to file a complaint approached, Washington experienced several obstacles. On January 22, 2025, Washington spent two hours working on a complaint to file with the court to meet the deadline, but before he could print it out, the printer malfunctioned. On January 23, 2025, and January 24, 2025, the prison was on lockdown and no counselors were available to pick up or process legal mail. Washington's motion sought a 45-60 day extension of the statute of limitations so that he could file his complaint. In response, the court noted that Washington had not yet filed a complaint, and he needed to do so if he wanted to continue with this case. ECF 2. He was instructed to use this court's prisoner complaint form, fill it out completely, and provide accurate information sworn under penalty of perjury about the timing of events at issue. *Id.* Washington filed his complaint on March 27, 2025, approximately two years and two months after the incident giving rise to the complaint occurred. ECF 4.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

2

In his complaint, Washington alleges that his cell was subjected to shake downs at the direction of Major Karl Wardlow. Although he suggests he was targeted for shakedown several times, the only date he provides is January 25, 2023.[2] The shakedown resulted in the confiscation of Washington's property, including legal documents. Washington contends that the confiscations prevented him from filing a variety of complaints with the court, including one stemming from the use of force, two based on inadequate medical care, one based on mishandling his "stimulus check," and several others based on abuses of authority, shakedowns, property losses, and misappropriating funds. He provides no further details regarding any of the potential claims he was allegedly unable to bring due to the shakedowns and confiscation of his property.

In a Section 1983 case, courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-380 (2004). "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). "Although the statute of limitations is an affirmative defense, dismissal . . . is appropriate if the complaint contains everything necessary to establish that the claim is untimely." *Collins v. Vill. of Palatine, Ill.*, 875 F.3d 839, 842 (7th Cir. 2017).

---

[2] Additionally, when asked when the event occurred, he provided only one date: January 25, 2023.

In some circumstances, "the doctrine of equitable tolling may apply. Equitable tolling halts the limitations clock when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (quotation marks and citation omitted); *see Farzana K. v. Ind. Dep't of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007) (noting that equitable tolling "deals with situations in which timely filing is not possible despite diligent conduct"). It is the plaintiff's burden to show "he diligently pursued the claim and some extraordinary circumstances prevented him from filing his complaint within the statute of limitations." *Sparre v. U.S. Dep't of Lab. Admin. Rev. Bd.*, 924 F.3d 398, 402–03 (7th Cir. 2019) (internal quotation marks omitted).

Here, Washington indicates that he did not file his complaint prior to the January 25, 2025, expiration of the statute of limitations, for several reasons. He says he could not obtain a copy of his trust fund ledger to include with his in forma pauperis petition, but he didn't need his trust fund ledger to file the complaint. He says he could not obtain copies of documents he wished to include with his complaint, but he was not required to prove his claims with evidence at the pleading stage.

Washington also claims that in the final three days, matters outside his control prevented him from filing his complaint. On January 22, 2025, Washington started drafting a complaint on a law library computer. He then ran into problems when the printers malfunctioned, and he could not print what he typed. But, Washington was not required to type his complaint or use a computer at all. Handwritten complaints are regularly accepted by this court.

Next, there was a lock down and mail was not collected from inmates on January 23, 2025, or January 24, 2025. But Washington's complaint still wasn't ready to file when he wrote his motion on January 31, 2025, so the counselors' failure to pick up mail on those days is not the cause of the complaint being filed late.

Neither printer problems nor a lockdown are extraordinary circumstances that justify equitable tolling. Washington also hasn't demonstrated the diligence necessary to warrant equitable tolling. He waited 727 days to start drafting his complaint, and he was unable to file it before the 730th day due to obstacles that commonly plague prisoners, including a printer problem and a lockdown. Washington waited until the last minute to prepare and send his complaint and now seeks the benefit of equitable tolling when things didn't go as planned. *See Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (equitable tolling requires reasonable diligence throughout the limitations period and until the federal complaint is filed). "Rather than giving the plaintiff an automatic extension of indefinite duration, no matter how much his carelessness or sloth may have contributed to the delay in the prosecution of his claim, the doctrine of equitable tolling gives the plaintiff just so much extra time as he needs, *despite all due diligence on his part*, to file his claim." *Heck v. Humphrey,* 997 F.2d 355, 357 (7th Cir. 1993) (emphasis in original), *aff'd,* 512 U.S. 477 (1994). In other words, "[t]here must be diligence, and the diligence must continue up to the time of suit[.]" *Id.*

Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations

5

omitted). Here, it's clear that Washington filed his complaint late and cannot benefit from equitable tolling.

Though the result here may seem harsh, deadlines exist for a reason and no matter where a deadline is set, there will be those who miss it, even if only by one day.

> Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests, and limitation periods work both ways – you can be sure [the petitioner] would not be pooh-poohing the prosecution's tardiness if [he] had been indicted one day after the statute of limitations expired for [his] crimes.

*United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citation omitted). *See also Simms v. Acevedo*, 595 F.3d 774 (7th Cir. 2010).

Even if Washington's complaint had been filed in a timely manner, it does not state a claim. To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis

6

in original). Here, Washington claims that shakedowns resulted in his property being confiscated and that he could not initiate any of several different complaints without those papers. While having copies of his legal papers might have been helpful to Washington, the basic facts surrounding the circumstances that Washington references (excessive force, lack of adequate medical care, etc.) are within his personal knowledge. He had two full years to bring each of those claims, and he brought none of them. Thus, he hasn't pled facts from which it could be plausibly inferred that he was prevented from bringing any of the claims he references. Furthermore, he hasn't pled facts from which it can be plausibly inferred that any of those actions are non-frivolous.

Washington's complaint was filed after the two-year status of limitations expired, equitable tolling does not apply, and the allegations in his belatedly filed complaint do not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

As a final matter, Washington filed an emergency motion asking that the court order that he be permitted to possess all his legal materials all the time. ECF 13. He indicates that his property was recently seized when he was placed in disciplinary segregation, and he needs access to it to finish completing paperwork to send to an attorney regarding a possible collateral attack on his criminal sentence. In other words,

7

Washington speculates that, without court intervention, a potential legal action may be prejudiced. But these allegations are based on different facts occurring at a different time and involving a different potential claim. Thus, any possible claim for denial of access to the courts based on the facts contained in the emergency motion is premature and falls outside the scope of this case. Furthermore, I've already explained to Washington that "[p]rison officials must afford inmates their constitutional rights, but which materials an inmate may possess and when they may possess them is a decision that is squarely within the discretion of prison officials." ECF 8 at 2.

For these reasons, the court:

(1) DENIES Christopher G. Washington's motion seeking to extend the statute of limitations period (ECF 1);

(2) DENIES Christopher G. Washington's emergency motion (ECF 13); and

(3) DISMISSES this case under 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted.

SO ORDERED on December 16, 2025.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT